PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2002 Pontiac Grand Am struck a boulder as she was traveling westbound on 1-64 in Kanawha County. 1-64 is a road maintained by respondent in Putnam County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at approximately 8:30 a.m. on November 3,2005, a clear and dry morning. 1-64 is a six-lane road with a speed limit of seventy miles per hour at the area of claimant’s incident. Ms. Cline was driving westbound in tire middle lane on 1-64 near the Nitro exit when she came across a boulder in the road. Claimant could not avoid the boulder because of traffic all around her. Claimant’s vehicle struck the rock and sustained damage to the transmission totaling $2,570.36. Claimant’s insurance deductible was $1,000.00.
The position of the respondent was that it did not have notice of the rock on 1-64. Mike Escue, Transportation Crew Supervisor for respondent in Putnam County, testified that this is not an area that is prone to rock falls. Mr. Escue stated that most of the terrain between Cross Lanes and Nitro is valley and that there are guard rails *98 adjacent to the west bound lanes of 1-64 at the scene of the incident. He testified that his office received no notice of any rock falls in this area on the date of claimant’s incident. Respondent maintains that there was no prior notice of any rocks on 1-64 immediately prior to the incident in question.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn vs. Dept. of Highways, 16 Ct. Cl. 68 (1985).
In the present claim, claimant has not established that respondent failed to take adequate measures to protect the safety of the traveling public on 1-64 in Putnam County. It was unclear from the evidence presented at trial where the rock that claimant’s vehicle struck came from. While the Court is sympathetic to claimant’s plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.